UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
RONALD ZIMMERMAN. :
:
:
Plaintiff,    :    Civil Action No. 07-1233 (JAP)
:
v.    :    **OPINION**
:
GULBRANDSEN TECHNOLOGIES, INC.,:
:
Defendant.    :
:
_____ :

PISANO, District Judge

  This is an employment discrimination action brought by *pro se* plaintiff Ronald Zimmerman pursuant Title VII of the Civil Rights Act of 1964. Defendant, Gulbrandsen Technologies, Inc., has filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant alleges that Plaintiff's complaint was untimely, having been filed more than ninety days after Plaintiff received his "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). For the reasons below, Defendant's motion is granted and the complaint is dismissed.

  Under Title VII, once a plaintiff has exhausted his administrative remedies and received his right-to-sue letter, he has ninety days in which to file a complaint in a federal district court. 42 U.S.C. § 2000e-5(f)(1). This period for filing a court action is treated as a statute of limitations. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The Third Circuit has "strictly construed the 90-day period and held that, in the absence of some

equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Id.*

In his complaint, Plaintiff alleges that he received the letter from the EEOC on November 29, 2006.[1]  Plaintiff's complaint was filed 104 days later, on March 13, 2007.  The complaint, therefore, is untimely.

In response to Defendant's motion, Plaintiff asks the Court to excuse the untimely filing, stating that his complaint was delayed by about a month because he "incorrectly" filed his complaint with the Clerk's office in Newark rather than in Trenton, the vicinage where the case has been allocated.  Because the ninety-day filing requirement is not jurisdictional, it is subject to equitable considerations, such as equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982).  According to the Third Circuit, "[t]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.*"  Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391-92 (3d Cir. 1994).

---

[1] Plaintiff's complaint is a preprinted complaint form that a litigant completes by filling in the relevant information.  Paragraph 8 of this form states "The Equal Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by you on [blank space]."  In the blank, Plaintiff filled in November 29, 2006, which, according to the EEOC's letter, was the date the letter was mailed.  Even if the court were to assume Plaintiff erred in his complaint and did not actually receive the letter on the same date that the letter states it was mailed, Plaintiff's complaint would still be untimely.  The Court would apply a presumption that Plaintiff received the letter three days after it as mailed, which would be December 2, 2006, more than ninety days prior to the filing of the complaint.  *Seitzinger v. Reading Hospital and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

District courts are to apply equitable tolling sparingly. *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999).

Despite Plaintiff's claim to the contrary, it appears that the filing of Plaintiff's complaint was not delayed as a result of him delivering the complaint to the Clerk's office in Newark rather than Trenton. The Clerk's "RECEIVED" stamp that appears on the complaint shows that the complaint was received by the Clerk's office in Newark at 11:31 a.m. on March 13, 2007.[2] The docket reflects that the complaint was filed that same day. Consequently, Plaintiff simply has not shown that there is any basis for the Court to apply equitable tolling principles.

For the reasons above, Plaintiff's complaint is dismissed as time-barred. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: November 29, 2007

---

[2] The "RECIEVED" stamp used by the Clerk's office in Newark is distinguishable from the stamp used by the Clerk's office in Trenton because they differ in style, and the Newark stamp includes the actual time of receipt as well as the date.